Crichton, J.,
would grant and assigns reasons.
Under La. R.S. 15:529.1(C), an offense will not be considered a second, third, or fourth offense if 10 years or more have elapsed between the date of the commission of the current offense and the expiration of the maximum sentence imposed on the previous conviction. I would grant the state’s writ and docket this case to resolve a split in the courts of appeal on whether the 10-year cleansing period is an essential element of the state’s burden of proof in a habitual offender proceeding, as the First, Second and Fifth Circuits observe (and as defendant and dissenting Judge Love suggests) or whether the Fourth Circuit’s minority position, as applied to the instant case, requires a contemporaneous objection by the defense on the specific issue of the cleansing period. In my view, the problem posed by this case will continue to repeat itself until this circuit split is resolved, such that prosecutors within the Fourth Circuit’s jurisdiction may have less incentive to prove that the cleansing period has not expired at the habitual offender hearing stage.